IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN KEITH WILLIAMS, (SPN #01178159) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-18-4128 |
| HARRIS COUNTY SHERIFF'S OFFICE, et al., Defendants. | § § § § § | |

**MEMORANDUM AND OPINION**

Brian Keith Williams, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in October 2018, alleging civil rights violations resulting from a denial of due process. Williams, proceeding pro se and in forma pauperis, sues the Harris County Sheriff's Office and the City of Houston.

The threshold issue is whether Williams's claims should be dismissed as frivolous. The Court concludes that Williams's claims lack merit and should be dismissed for the reasons stated below.

**I.  Plaintiff's Allegations**

Williams was arrested on June 6, 2018. He complains that he was never taken before a magistrate judge, and he was denied bail. He asserts that the charges were based on false evidence. He asks that the charges be dismissed. He seeks compensatory damages of $1,000,000.00.

Online research reveals that Williams was indicted on the following charges:

(1) Felon in possession of a weapon, on March 8, 2018, in Cause Number 158118501010.¹ Williams pled guilty on November 13, 2018 and received a two-year prison term.

(2) Possession of a controlled substance, 4 grams to 200 grams on March 8, 2018, in Cause Number 158118401010.² This charge was dismissed on November 13, 2018 because he was convicted on another charge.

(3) Violation of parole on June 5, 2018 in Cause Number 021705522898. The Court has learned through telephone inquiry to the Harris County Jail that Williams's parole was revoked on November 29, 2018.

## II. Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

Williams complains that his arrest was illegal because it was not based on probable cause. On-line records show that a grand jury of the 230th Judicial District Court of Harris County, Texas indicted Williams for felon in possession of a weapon. "An arrest is unlawful unless it is supported

---

¹*See* Attachment 1.

²*See* Attachment 2.

by probable cause." *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013).

The probable cause inquiry focuses on the validity of the arrest, not the validity of each individual charge made during the course of the arrest. *See Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). A grand jury indictment is sufficient to establish probable cause. *See Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975). When the facts supporting an arrest "are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010). The chain of causation remains intact, however, if "it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988). In other words, "the chain of causation is broken only where all the facts are presented to the grand jury, where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information from the independent intermediary . . . ." *Id.* at 1427–28.

Because the grand jury indicted Williams, he must show that the Harris County Sheriff's Office and the City of Houston tainted the grand jury's deliberations in some way. There is no evidence, however, that the Harris County Sheriff's Office and the City of Houston played any role in the indictment process. Online research reveals that a magistrate judge found probable cause to

arrest and detain Williams on June 6, 2018.[3] Williams was also denied bail on June 6, 2018. It appears that Williams may not have been present at the hearing held on June 6, 2018. Williams's claim against the Harris County Sheriff's Office and the City of Houston for false arrest is dismissed with prejudice as frivolous.

In addition, to the extent that Williams asks this Court to intervene in an ongoing criminal proceeding and dismiss the charges against him, his claims are barred by the doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), which holds that federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. This doctrine, which is alternately called "abstention or nonintervention," is based on considerations of equity, comity, and federalism. *DeSpain v. Johnston*, 731 F.2d 1171, 1175-76 (5th Cir. 1984). Williams does not allege facts showing that exceptional circumstances are present or that federal court intervention is otherwise warranted. For this additional reason, the complaint is dismissed.

## III. Conclusion

The action filed by Brian Keith Williams (SPN #01178159) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

The agency having custody of Williams must continue to deduct twenty percent of each deposit made to Williams's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full. The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) Thomas Katz, Manager of the Inmate Trust Fund, 1200 Baker Street, Houston, Texas

---

[3] A docket sheet from the 230th Judicial District Court of Harris County, Texas, shows that probable cause was found on February 23, 2018. (*See* Attachment 2).

77002, Fax 713-755-4546; and

    (2)    the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on **JAN 2 5 2018**

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE